**BURGOS, Appellant,**

v.

**AREWAY, INC., Appellee.**

[Cite as *Burgos v. Areway, Inc.* (1996), 114 Ohio App.3d 380.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69447.

Decided May 9, 1996.

*Nurenberg, Plevin, Heller & McCarthy, Thomas Mester* and *John Schloss*, for appellant.

*Papandreas, Fahrer & Corso, John G. Papandreas; Benesch, Friedlander, Coplan & Aronoff* and *David W. Mellott*, for appellee.

NAHRA, Judge.

Appellant, Angelo Burgos, is appealing the trial court's decision granting summary judgment in favor of his employer-appellee, Areway, Inc., arising out of appellant's intentional tort claim. For the following reasons, we affirm.

Areway is in the business of plating and polishing small metal parts. Angelo Burgos had been employed at Areway as a plater for four months. The plating line consists of two parallel rows of tanks separated by a catwalk. The level of the catwalk is below the tanks. The plater stands on the catwalk to operate an electrically controlled hoist that lowers racks of parts into the tanks of plating solution or cleaning solution.

Occasionally, racks will fall off the hoist and into a tank. Supervisors Thomas Parnell and Peter Hoehl were deposed as to the procedure for removing racks. The procedure was to first attempt to remove the racks by standing on the catwalk and using a garden style rake. If the racks could not be retrieved from the catwalk, the employee was required to call the supervisor. The supervisor laid safety boards over the adjacent tank to use as a platform to reach the racks.

Hoehl stated that he never stood on the lips of the tanks to retrieve racks, but did walk on the lips to get to the back of the tank to clean. Parnell testified that when he saw platers on the lips, he told them to get down.

Angelo Burgos testified that the safety boards were never used by anyone to retrieve parts. The boards were used when filling up the nickel baskets in the tanks. No one ever told him to use the boards to retrieve racks. Platers would stand on the lips of the tanks to retrieve racks. Angelo's brother, Alberto, who was also a plater, gave similar testimony.

Quint Blankenship, a senior plater, worked side by side with Angelo Burgos and provided on-the-job training to Burgos. Quint testified that he told Angelo not to walk on the tanks without safety boards. Quint did not always use safety boards, however.

On June 18, 1992, Burgos was operating the hoist when the racks and the bar holding them fell into the tank. Quint or Angelo Burgos called over the supervisor, Peter Hoehl. Quint and Hoehl removed the bar from the tank. Then Hoehl left to inform other employees there would be a delay in production. Hoehl expected Quint or Burgos to retrieve the racks from the catwalk. If the platers could not retrieve the racks from the catwalk, company policy was to wait for a supervisor to retrieve the racks.

Instead, Burgos walked onto the lips of the tank to retrieve the racks. Quint offered to retrieve the racks, but Burgos refused. Quint did not advise Burgos to use safety boards. The lips were about nine inches wide, and covered with a

soapy solution from the tanks. Burgos slipped and fell backward into an adjacent tank containing a soak solution heated to 190 degrees Farenheit. Burgos sustained severe burns.

In its twenty years of operation, no one had fallen into a tank at Areway. Quint Blankenship stated that he realized someone could fall into the tanks from working on the lips. Appellant's expert, engineer John Denega, stated in his report that Areway must have known that injury was substantially certain to occur by the practice of the employees retrieving racks from the lips of the tank.

Appellant's sole assignment of error states:

"The trial court erred in granting Areway's motion for summary judgment because there were genuine issues of material fact with respect to plaintiff's claim of intentional tort."

In order to overcome an employer-defendant's motion for summary judgment on an intentional tort claim, the plaintiff must set forth specific facts showing there is a genuine issue as to whether the employer committed an intentional tort. *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.

"1. * * * [I]n order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *

"2. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. * * *" *Id.* at paragraphs one and two of the syllabus.

■ We must decide whether reasonable minds could find that appellee knew that injury was substantially certain to result, based on the evidence viewed in a light most favorable to appellant. Viewing the evidence in a light most favorable to appellant, appellee was aware employees were walking on the lips of the tanks to retrieve racks. Appellant had never seen anyone use safety boards to retrieve racks. Appellee did not instruct appellant to use safety boards to retrieve racks, but appellant knew the boards were available. A co-worker, not management, told appellant to stand on the lips to retrieve racks. Appellant did observe his supervisor Peter Hoehl climbing on the tank to retrieve the contact bar. No one had fallen into a tank before. An expert opined that due to the width of the lips, soapy residue and the employee's position in retrieving a rack, it was substantially certain the employee would fall into the tank.

It has been held that where the employer makes safety devices available, but does not enforce the use of such devices, the employer's conduct is negligent or reckless, but not intentional. *Foust v. Magnum Restaurants, Inc.* (1994), 97 Ohio App.3d 451, 646 N.E.2d 1150; *Duckworth v. Creative Interglobal, Inc.* (May 5, 1994), Cuyahoga App. No. 65449, unreported, 1994 WL 173484. In *Duckworth*, the employee did not see the available guards, nor was he specifically told the guards were available. As an experienced carpenter, the employee knew such guards were available. Similarly, in this case, appellant knew the safety boards were available, even though he was never told to use them to retrieve racks. The injury to appellant was not substantially certain to occur because safety devices were available.

■ Additionally, no employee had ever fallen into a tank while retrieving a rack. An employer's conduct can be found intentional, even though there were no prior accidents resulting from the conduct. *Cook v. Cleveland Elec. Illuminating Co.* (1995), 102 Ohio App.3d 417, 657 N.E.2d 356; see *Kreais v. Chemi-Trol Chem. Co.* (1989), 52 Ohio App.3d 74, 76, 557 N.E.2d 155, 157. However, the lack of prior accidents does tend to show the accident was unexpected and not substantially certain to occur. *Fyffe; Foust; Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 539 N.E.2d 1114.

■ An expert report stating that the accident was substantially certain to occur may not be sufficient to prevent summary judgment in favor of the employer on the employee's intentional tort claim. See *Sanek, supra; Depriest v. Paramount Metals Co.* (Nov. 24, 1993), Cuyahoga App. No. 64145, unreported, 1993 WL 489750. In *Sanek* and *Depriest*, it was held that based on the factual circumstances, the accidents were not substantially certain to occur, despite the expert's report. Similarly, in the case at hand, reasonable minds cannot conclude from the facts presented that appellee knew that injury was substantially certain to occur.

Moreover, the evidence does not show appellant was required to retrieve the racks by standing on the lips of the tank. A co-worker, not management, told appellant to retrieve racks in this manner. Appellee made safety equipment available. The company policy was to wait for a supervisor to retrieve the racks, if the racks could not be retrieved from the catwalk. At the time of the accident, appellant volunteered to remove the racks, and was not ordered to do so. Appellant did not set forth any evidence to prove the third prong of the *Fyffe* test.

Accordingly, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., and O'DONNELL, J., concur.