DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellants, Dawn Pruitt-McNeil, her husband, and two of their children, appeal from a Summit County Court of Common Pleas' order granting summary judgment in favor of the appellees, St. Thomas Hospital and Summa Health System. We affirm.
On September 6, 1996, Ms. Pruitt-McNeil slipped and fell on some water on the floor of the radiology darkroom at St. Thomas Hospital, a hospital operated by Summa Health System. This incident occurred when she entered the darkroom to put her lunch and purse on a shelf. Ms. Pruitt-McNeil was a Radiology Technologist at St. Thomas Hospital. On August 21, 1997, Ms. Pruitt-McNeil brought an intentional tort action against the appellees. Her husband and her children complained for loss of consortium. The appellees moved for summary judgment on January 15, 1998. The appellants responded to the motion on February 17, 1998. On June 1, 1998, the trial court granted summary judgment in favor of the appellees.
The appellants timely appeal and raise a single assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in finding that there were no questions of material fact for a jury to determine.
The appellants contend that the trial court erred by granting summary judgment in favor of the appellees. They aver that a genuine issue of fact exists with respect to whether the appellees committed an intentional tort. We disagree.
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Stateex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. As an appellate court, we review the matter de novo and afford no deference to the trial court. Pennsylvania Lumbermens Ins. Corp.v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732, 743; LorainCty. Bd. of Commrs. v. United States Fire Ins. Co. (1992),81 Ohio App.3d 263, 267. The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding essential element(s) of the nonmoving party's claim. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahila v.Hall, 77 Ohio St.3d at 429, citing Dresher v. Burt,75 Ohio St.3d at 293. When the nonmoving party fails to meet this burden once the moving party has met its burden, summary judgment may be appropriately granted in favor of the moving party. Dresher v.Burt, 75 Ohio St.3d at 293.
The appellees contend that R.C. 2745.01 should be applied to the case at bar, and the appellants rely upon the common law standard. Because the appellants have failed to meet the lower common law standard, we will not address whether the higher statutory standard was met. See Lamb v. Goodyear Tire RubberCo. (Dec. 16, 1998), Summit App. No. 19039, unreported, at 6. See, also, Yoder v. Greensteel Corp. (Nov. 23, 1998), Stark App. No. 1998CA00106, unreported, 1998 Ohio App. LEXIS 5671, at *13. The Supreme Court of Ohio has held:
 In order to establish "intent" for the purpose of providing the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus.
The Eighth District Court of Appeals has concluded that an employee who fell off a catwalk while trying to retrieve racks inside of a tank failed to set forth any evidence to prove the third prong of the Fyffe test. Burgos v. Areway, Inc. (1996),114 Ohio App.3d 380, 385, appeal allowed 77 Ohio St.3d 1422, appeal dismissed as improvidently allowed 79 Ohio St.3d 1207. The court noted that the employee had volunteered to remove the racks and had been told to take such action by a co-worker, not management.Id. In Meredith v. Beacon Journal Publishing Co. (July 13, 1994), Summit App. No. 16606, unreported, this court considered whether a genuine issue of fact existed with respect to whether an employer committed an intentional tort when an employee slipped on cardboard covering ink that had leaked from a newspaper press. This court concluded the following:
 [O]ther than offering the broad assertion from co-workers that "work requirements" forced employees "to ignor[sic] safety hazards in order to keep up with the work load put upon them," Meredith has submitted no evidence showing that the newspaper ordered workers not to take time to clean up ink puddles that accumulated while they were working. In fact, Meredith testified that ink leakages were often left under cardboard because the paper handlers and pressmen disagreed about which group of employees was responsible for cleaning up the mess. Such evidence does not show that the newspaper required employees to work in spite of dangerous conditions.
(Alteration in original.) Id. at 4.
In their motion for summary judgment, the appellees asserted that the appellants failed to demonstrate that a genuine issue of material fact exists with respect to whether they committed an intentional tort, including the third prong of the Fyffe test. They submitted the deposition testimony of Ms. Pruitt-McNeil which reflected facts alluded to in the appellants' response and supporting evidence. Other employees at the hospital testified that on September 6, 1996, they observed water on the floor in the darkroom. They further stated under oath that a backed-up drain was causing the problem, that maintenance was notified to correct the problem, and that they were substantially certain that someone would fall and be injured if maintenance did not fix the problem. The evidence showed: (1) that nurses had cleaned up water with towels between 3 p.m. and 4 p.m.; (2) that Ms. Pruitt-McNeil commenced her shift at approximately 6 p.m.; and (3) that Ms. Pruitt-McNeil entered the darkroom to put her lunch and purse on a shelf. The evidence also demonstrated that this drain problem had occurred on prior occasions. The appellants pointed to evidence showing that employees, including Ms. Pruitt-McNeil, used the darkroom in order to take films. However, this evidence fails to demonstrate that a genuine issue of fact exists with respect to whether the appellees required Ms. Pruitt-McNeil to enter the darkroom with water on the floor. Accordingly, summary judgment was appropriately granted in favor of the appellees, St. Thomas Hospital and Summa Health System.
The appellants' single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
CARR, J., CONCUR