**LIECHTY, Exr., Appellant,**

v.

**YODER MANUFACTURING, INC. et al., Appellees.**

[Cite as *Liechty v. Yoder Mfg., Inc.* (2000), 141 Ohio App.3d 360.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75654.

Decided May 10, 2000.

*The Landskroner Law Firm, Ltd., Jack Landskroner* and *Jennifer C. Heinert,* for appellant.

*Squire, Sanders & Dempsey, L.L.P., Damond R. Mace* and *Adam R. Fox,* for appellees.

TERRENCE O'DONNELL, Presiding Judge.

Rebecca Liechty, executor of the estate of David Liechty, appeals from a decision of the common pleas court granting summary judgment in connection with her claim for the wrongful death of her husband as a result of an intentional tort committed by ITT Automotive, Inc., his employer, which occurred when the steel recoiling slitting machine, that he had been operating, pulled him into the machine.

Liechty maintains the trial court erred in granting summary judgment because a genuine issue of fact exists regarding whether ITT's conduct constituted an intentional tort under the standards set forth in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. Upon review, we have concluded no genuine issues of material fact exist, and ITT is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.

The facts in the case reveal that ITT purchased a used recoiling slitting machine from the Yoder Company in 1969 and installed a safety guard on it of its own design. Liechty began working for ITT in 1992, and two months prior to his death, he began a three-year apprenticeship program in the steel processing plating department. While working there, William Baker, an ITT journeyman slitting line operator, trained him on the thirty-six inch steel recoiling slitting machine, which had been designed to cut thirty-six-inch steel strip coils into three twelve-inch strip coils. The operator rewound the steel coils by sitting on a stool beneath the steel and feeding cardboard strips into the recoiling device to keep the steel coils even.

On Sunday, October 20, 1996, Liechty and Baker worked overtime in the steel plating department. Sometime that evening, a maintenance worker who entered the steel plating department reported to Baker that Liechty had been pulled into the recoiling slitting machine and dismembered.

On January 16, 1997, Liechty filed an intentional tort complaint against ITT alleging the wrongful death of her husband. After filing its answer, ITT filed a motion for summary judgment prior to the commencement of discovery, which Liechty opposed. The court granted the motion to extend her response time in order to complete discovery. The parties undertook discovery and completed multiple depositions of employees, managerial personnel, and engineers of ITT. During the course of discovery, Baker testified that he trained Liechty on the recoiling slitting machine and observed Liechty reaching over the safety guard on numerous occasions despite repeated admonitions not to do so. Baker did not believe Liechty should have been moved to the recoiling slitting machine on the south end of the plant, but heard Liechty tell foreman Neil Keller that he wanted

to work the machine by himself. Further, Jaimin Patel, an environmental planning engineer, testified that ITT had no prior knowledge of injury on the recoiling portion of the slitting machine during ITT's twenty-seven-year history. Donald Floro, an ITT employee for thirty years and union safety representative, testified that he never received any complaints about the recoiling slitting machine.

Thereafter, Liechty filed a brief in opposition to ITT's motion for summary judgment. After reviewing the briefs, the court granted summary judgment in favor of ITT. Liechty then filed a motion for reconsideration, alleging prior incidents of injury with the recoiling slitting machine that she claimed created a factual dispute as to whether ITT knew to a substantial certainty that her husband would be injured if he operated the steel slitting machine; and she also asserted a factual issue existed regarding whether he did not use the safety guard. The trial court denied the motion for reconsideration. Liechty now appeals from the motions for summary judgment and reconsideration and raises three assignments of error for our review. The first states:

## I

"The trial court erred in granting summary judgment because the evidence establishes a genuine issue of material fact concerning whether defendant ITT Automotive Inc.'s conduct constitutes an intentional tort under the standard set forth in *Fyffe v. Jeno's, Inc.*"

Liechty argues that after construing the evidence most strongly against ITT, the court should have found that ITT knowingly subjected Liechty to a dangerous process that was substantially certain to result in injury to him. ITT urges the court properly granted summary judgment because the evidence demonstrated no prior knowledge on its part of injury relating to the steel recoiling slitting machine. The issue here concerns whether the court properly granted summary judgment to ITT in this case.

Civ.R. 56(C) provides:

" * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Civ.R. 56(E) provides:

" * * * When .a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904; *Harless v. Willis Day Warehousing* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274, the court stated:

"* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."

In *Fyffe v. Jeno's Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus, the court established the following test for our consideration:

"[I]n order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *"

In *Burgos v. Areway, Inc.* (1996), 114 Ohio App.3d 380, 384, 683 N.E.2d 345, 347, a case considering the elements of *Fyffe*, this court stated:

"We must decide whether reasonable minds could find that appellee knew that injury was substantially certain to result, based on the evidence viewed in a light most favorable to appellant. * * * Appellant had never seen anyone use safety boards to retrieve racks. Appellee did not instruct appellant to use safety boards to retrieve racks, but appellant knew the boards were available. A co-worker, not management, told appellant to stand on the lips to retrieve racks. * * * No one had fallen into a tank before. * * *

"It has been held that where the employer makes safety devices available, but does not enforce the use of such devices, the employer's conduct is negligent or reckless, but not intentional. * * * [I]n this case, appellant knew the safety boards were available, even though he was never told to use them to retrieve racks. The injury to appellant was not substantially certain to occur because safety devices were available.

"Additionally, no employee had ever fallen into a tank while retrieving a rack. An employer's conduct can be found intentional, even though there were no prior accidents resulting from the conduct. * * * However, the lack of prior accidents does tend to show the accident was unexpected and not substantially certain to occur." (Citations omitted.)

In the instant case, the testimony reveals ITT designed a safety guard for the recoiling slitting machine after acquisition from Yoder. Further, uncontradicted testimony from several sources demonstrated that ITT had no knowledge of any employee complaints concerning prior accidents or injuries arising out of the operation of the recoiling portion of the slitting machine, and that no injury had occurred there for a period of twenty-seven years. Liechty failed to present any evidence that ITT knew that by requiring the decedent to operate the steel recoiling slitting machine then injury or death would be a substantial certainty. Therefore absent evidence on this prong of the *Fyffe* test, the trial court properly granted summary judgment in favor of ITT. Accordingly, this assignment of error is overruled.

## II

"The trial court erred in denying plaintiff-appellant's motion for reconsideration."

Liechty argues the court erroneously denied her motion for reconsideration of ITT's motion for summary judgment because genuine issues of material fact exist concerning prior incidents with the recoiling slitting machine and whether or not

Liechty chose to use the safety guard. ITT does not address this assignment of error. The issue here concerns whether the court improperly denied Liechty's motion for reconsideration. However, based on our disposition of the first assignment of error, Liechty failed to prove the second prong of the *Fyffe* test; therefore, the court did not err in granting summary judgment in favor of ITT.

## III

"The trial court erred in failing to declare O.R.C. 2745.01 unconstitutional on its face."

Liechty urges the court erroneously failed to rule on whether R.C. 2745.01 is constitutional. In considering this claim, we recognize that since the time of the trial court's ruling, the Ohio Supreme Court has ruled in the case of *Johnson v. BP Chemicals Inc.* (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, that R.C. 2745.01 is unconstitutional. We further recognize that the trial court did not base its decision on that statute, but rather relied on *Fyffe*, which is controlling authority on this subject in Ohio. Accordingly, based on the facts in this case, the trial court did not err when it followed *Fyffe* and declined to decide the constitutionality of R.C. 2745.01 because the decision here is unaffected by the outcome of that issue. Furthermore, Liechty has not demonstrated any prejudice resulting from the fact that the trial court did not rely on or decide the case based on R.C. 2745.01. Accordingly, we reject this assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PATRICIA A. BLACKMON and KILBANE, JJ., concur.