JOURNAL ENTRY AND OPINION
Joseph Porter appeals from a decision of the common pleas court granting summary judgment in favor of Metaullics Systems, Co., LP and Metaullics Systems, Co., in connection with his intentional tort claim arising from an injury to his right hand sustained when he pinched it between the auger arm and lid of a large cement mixing machine that he had been operating while working for Metaullics.
Porter maintains the trial court erred in granting summary judgment because a genuine issue of fact exists regarding whether Metaullics committed an intentional tort under the standards set forth in Fyffe v. Jeno, Inc. (1991), 59 Ohio St.3d 115. Upon review, we have concluded no genuine issues of material fact exist, and Metaullics is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.
The facts in the case reveal that Metaullics, a company which designs, develops and manufactures molten metals, purchased Carborundum BP in 1993. As part of the transaction, Metaullics received a Littleford Day Nauta Conical Mixer. In September 1996, Porter began working for Metaullics as a sweeper. After a month, he became a tow motor operator, and thereafter, his co-worker, Mike Tomasic, trained him to work in the assembly department mixing and canning frakset cement.
On February 2, 1998, while mixing the cement with a large wooden spatula, some cement spilled onto the auger. When Porter attempted to wipe it away, he testified that his right hand became trapped between the auger and the lid of the mixer. As a result, he broke and lacerated his thumb and suffered nerve damage, torn ligaments, and some loss of use of his right hand.
On November 24, 1998, Porter and his wife, Althea, filed an intentional tort complaint against Metaullics. After filing its answer, Metaullics moved for summary judgment and attached an affidavit of Keith Partee, the plant manager. In that affidavit, Partee stated that no prior accidents or injuries involving the mixer had been reported. Further, he referred to the Metaullics Protocol, specifically section 5.20, which required the mixer to be thoroughly cleaned after, not during, the cement mixing process. In response, Porter filed a brief in opposition and attached a copy of his deposition in which he testified that Tomasic trained him to wipe off the auger if cement fell on it and that he did not believe Metaullics intentionally attempted to hurt him, but knew of the possibility of injury.
The court granted judgment in favor of Metaullics, and Porter now appeals from that decision raising one assignment of error for our review. It states:
 WHETHER THE TRIAL COURT ERRED TO PREJUDICE OF THE APPELLANT-EMPLOYEE WHEN IT GRANTED THE APPELLEE-EMPLOYER'S MOTION FOR SUMMARY JUDGMENT HOLDING THAT THERE DID NOT EXIST ANY GENUINE ISSUES OF FACT WHEN APPLYING THE THREE-PRONGED TEST AS ENUMERATED IN THE FYFFE TEST.
Porter argues that after construing the evidence most strongly against Metaullics, the court should have found it knowingly subjected Porter to a dangerous process which was substantially certain to result in injury to him. Metaullics urges the court properly granted summary judgment because the evidence demonstrated no prior knowledge on its part of injury relating to the mixer or requirement to clean it while in motion. The issue here concerns whether the court properly granted summary judgment to Metaullics in this case.
We begin by noting Civ.R. 56(C) provides in relevant part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. Willis Day Warehousing (1978),54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, the court established the following test for cases of this distinction:
 1. [I]n order to establish intent for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *
In Burgos v. Areway, Inc. (1996), 114 Ohio App.3d 380, a case involving Burgos' claim for an intentional tort arising from his fall into a tank containing a soak solution heated to 190 degrees Fahrenheit as a result of his failure to use safety board, this court stated:
 We must decide whether reasonable minds could find that appellee knew that injury was substantially certain to result, based on the evidence viewed in a light most favorable to appellant. * * * Appellant had never seen anyone use safety boards to retrieve racks. Appellee did not instruct appellant to use safety boards to retrieve racks, but appellant knew the boards were available. A co-worker, not management, told appellant to stand on the lips to retrieve racks. * * * No one had fallen into a tank before.
* * *
 * * * An employer's conduct can be found intentional, even though there were no prior accidents resulting from the conduct. * * * However, the lack of prior accidents does tend to show the accident was unexpected and not substantially certain to occur. (Citations omitted.)
In the instant case, the facts are similar to Burgos. The testimony here reveals that Metaullics had no prior knowledge of injuries relating to the mixer, and that a co-worker, not management, told Porter to clean the auger. Further, Metaullics only required the mixer to be cleaned after making the cement not during the mixing process. Based on the facts in this case, we conclude Metaullics did not have knowledge that injury was substantially certain to occur. Therefore because Porter has failed to establish a prima facie case of employer intentional tort, this assignment of error is not well taken, and the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR