JOURNAL ENTRY AND OPINION
Plaintiffs-appellants, Edward Brown, his wife and children, appeal from the decision of the Cuyahoga County Court of Common Pleas, which entered summary judgment in favor of defendant-appellee, Packaging Corporation of America nka Tenneco Packaging, Inc., on Edward's claim for employer intentional tort, and on his wife's and children's derivative claims for loss of consortium.
The facts giving rise to this appeal are as follows. Tenneco Packaging, Inc. (Tenneco), a paper recycling facility, employed Edward Brown (Brown) as a baling machine monitor. On January 5, 1995, Brown sustained injury after attempting to dislodge paper jammed in the machine. It appears from the record that Brown climbed atop the machine and, while holding onto the inside ledge, attempted to kick the paper jam free with one or both of his feet. As he was doing so, Brown fell through the chute and landed on the floor under the baling chamber. Although he was able to walk out of the plant and drive himself home, Brown later went to the hospital complaining of back pain.
Brown thereafter commenced the within action against Tenneco, inter alia, asserting claims of employer intentional tort.[1] Also included were claims of Brown's wife and children for loss of consortium. Tenneco moved for summary judgment on the claims against it and, on December 15, 1998, the trial court granted judgment in favor of Tenneco. The claims against the remaining defendants were settled and dismissed on February 16, 2000. This timely appeal follows in which appellants advance a single assignment of error for our review.
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT TENNECO PACKAGING INC.
Appellants complain that the trial court erred in granting summary judgment in favor of appellee and assert that factual questions exist as to appellee's awareness of the certainty of harm to which appellant was subjected.
An appellate court's review of summary judgments is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370, the Ohio Supreme Court restated the appropriate test for summary judgment as follows:
 Pursuant to Civ.R. 56 summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293.
An intentional tort is `an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur.' Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 484. In order to overcome a defendant-employer's motion for summary judgment on an intentional tort claim, the plaintiff must set forth specific facts showing there is a genuine issue as to whether the employer committed an intentional tort. Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115. The Fyffe court established the following test to aid in our analysis:
 In order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *
Id. at paragraph one of the syllabus.
In its motion for summary judgment, Tenneco confines its arguments to Brown's failure to prove that Tenneco knew with substantial certainty that Brown would enter the baling machine to attempt to clear jammed paper with one or both feet and that, as a result, he would suffer injury. Thus, the only issue of critical importance is whether a genuine issue of material fact exists as to Tenneco's appreciation of Brown being subjected to a substantial certainty of harm upon attempting to clear a paper jam.
Tenneco claims that it had no knowledge that Brown would attempt to enter the baling machine in the manner in which he did and therefore could not have known with substantial certainty that Brown would fall and sustain injury. Indeed, Tenneco asserts that there were no other accidents involving this machine from which it could be charged with such knowledge.
It is undisputed that there were no prior accidents or injuries arising out of the operation of the baling machine in the eighteen months that this machine was in use. The lack of prior accidents, however, is not dispositive.
 Simply because people are not injured, maimed or killed every time they encounter a device or procedure is not solely determinative of the question of whether that procedure or device is dangerous and unsafe. If we were to accept the [employer's] reasoning, it would be tantamount to giving every employer one free injury for every decision, procedure or device it decided to use, regardless of the knowledge or substantial certainty of the danger that the employer's decision entailed. This is not the purpose of Fyffe. It is not incumbent that a person be burned before one knows not to play with fire.
Cook v. Cleveland Elec. Illuminating Co. (1995), 102 Ohio App.3d 417,429-430; see, also, Taulbee v. Adience, Inc., BMI Div. (1997),120 Ohio App.3d 11, 19-20; cf. Liechty v. Yoder Mfg., Inc. (Mar. 30, 2000), Cuyahoga App. No. 75654, unreported at 9, appeal allowed (2000),90 Ohio St.3d 1430. Thus, in determining whether an employer had knowledge that a dangerous procedure would be substantially certain to cause injury, the focus is not on how many prior accidents had occurred, but rather on the employer's knowledge of the degree of risk involved. Taulbee, 120 Ohio App.3d at 21. In this case, there is uncontradicted testimony from several sources[2] supporting employees, including Brown, were specifically instructed to enter the baling machine and kick the jammed paper with their feet. Entering the machine in such a manner was an acceptable alternative method of dislodging paper jams and a method on which Brown was specifically trained. Given that there is a twelve to fifteen foot drop within the baling machine at the point where the employee would stand to the bottom of the chute, reasonable minds could conclude that the risk of harm is substantially certain to occur when attempting to dislodge a paper jam with one's feet while holding precariously to an inside ledge.
It is true that the parties' evidence does support that employees were instructed to first attempt to dislodge any paper jams with a metal pole before using their feet. Contrary to Tenneco's argument, however, use of the pole cannot be considered a safety device so as to absolve Tenneco's liability when Brown did not use the pole because it could not be located. See Burgos v. Areway, Inc. (1996), 114 Ohio App.3d 380, 383. The pole did not provide protection as could a harness, for example, or as could the safety board in Burgos. The pole was merely one method of removing jammed paper. And while its use had the effect of providing some protection to the employee because it obviated the direct contact of the employee's body with the machine, the pole was but an alternative method of removing jammed paper and not a device to protect against harm. Even if we were to construe that use of the pole to free paper jams was an alternate means of proceeding as in Goodin v. Columbia Gas of Ohio, Inc. (Mar. 13, 2000), Athens App. No. 99 CA 30, unreported at 31, appeal allowed (2000), 89 Ohio St.3d 1469, we cannot ignore that Brown was specifically instructed to clear paper jams with his feet and that this method was an acceptable alternative method to achieve the same result.
Advocating the use of an employee's body in the manner in which it did leads us to conclude that, when the evidence is viewed in a light most favorable to Brown, reasonable minds could find that Tenneco was aware that using an employee's feet to dislodge paper jams was a dangerous procedure from which the risk of falling was substantially certain to occur. Consequently, a genuine issue of material fact exists regarding Tenneco's awareness of the certainty of harm to which Brown was subjected as he carried out his duties as a baling machine monitor. Summary judgment was, therefore, inappropriately granted in Tenneco's favor.
Accordingly, appellants' sole assignment of error is well taken and is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., ANNE L. KILBANE, J., CONCUR.
[1] Appellants also included a premises liability claim against The Plain Dealer Publishing Company, a newspaper publishing and distribution business that operates the premises where Brown worked. They also included claims for products liability against Newspaper Processing Service, Inc., Economy Baler Company and Machine Design Services, Inc., all manufacturers or installers of the paper recycling equipment.
[2] Attached to the parties' briefs are excerpts of Brown's deposition as well as those of several of Brown's co-workers. While the co-workers' depositions were separately filed with the court, the record does not disclose that Brown's deposition was so filed. Civ.R. 56(C) requires that all supporting and opposing documents be timely filed in the action. See, also, Civ.R. 32(A). While the court need not consider this documentary evidence, neither party objected to its use, and any error, therefore, is waived. Kobak v. Klubnik (1986), Cuyahoga App. No. 51331, unreported at 6; see, also, Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 84. But, see, Countrymark Coop., Inc. v. Smith (1997), 124 Ohio App.3d 159, 169; Outzenv. Continental Gen. Tire, Inc., (Feb. 2, 2000), Summit App. No. 19604, unreported 14-15.