This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, David Cope (hereinafter "Cope"), appeals the trial court's decision granting summary judgment in favor of Defendant-Appellee, Salem Tire, Inc. (hereinafter "Salem Tire"). For the following reasons, we conclude no reasonable mind could, when reviewing the evidence in the light most favorable to Cope, find Salem Tire knew with substantial certainty that Cope was going to be injured when he was trying to mount a tire onto a truck while working for Salem Tire. Accordingly, we affirm the trial court's decision.
On April 23, 1996, Cope was working for Steele Tire, which has since merged with Salem Tire, and had been at that job for approximately two weeks. That day a customer, Michael Jablonski, brought in four rims on which he wished to have tires mounted onto his truck. Cope had two weeks of on-the-job training at the time and was assigned the task of mounting the tires on the rims. By this time he had mounted at least a dozen tires in that two week training period. During that time, Cope was never given any safety training, instructed to wear safety glasses although they were available, or given a safety manual. There were safety posters on the walls of the shop.
Cope successfully mounted two tires on the truck. When he started to mount the third tire he noticed a crack in the decorative aluminum portion of the rim. He brought the crack to the attention of his manager, Chuck Moore (hereinafter "Moore"), who told Cope to go ahead and mount the tire. He thought the crack was on the decorative part of the rim and would not interfere with the mounting process. As Cope proceeded with mounting this third tire, he was having difficulty getting the tire to seed, i.e. get the tire to settle itself into the rim. Therefore, Mooresuggested Cope use a device called a Cheetah. This was a high pressureair tank which was used to mount semi-truck tires onto their rims. To usethis device, someone attached an air hose to the tire and Cope used theCheetah under the edge of the tire. Cope had previously operated theCheetah a couple of times and was unassisted this time. While Copeoperated the Cheetah the tire exploded, apparently from over-inflation. Apiece of aluminum broke off the rim and struck Cope in his right eye. Copehas suffered a loss of vision in that eye as a result of this incident.
 On August 18, 1999, Cope filed a complaint against Salem Tire allegingintentional tort. On February 8, 2001, after discovery and arbitration,Salem Tire filed a motion for summary judgment. Cope then filed his ownmotion for summary judgment the next day. The trial court granted SalemTire's motion for summary judgment on March 21, 2001 and dismissed Cope'scase.
 Cope presents two assignments of error for review:
 "The trial court erred in granting summary judgment in favor of Defendant Salem Tire, as reasonable minds could have concluded, based upon the evidence presented, that Salem Tire committed an intentional tort against its employee David Cope."
 "The trial court erred in granting summary judgment in favor ofDefendant Salem Tire, as the standard used by the trial court isunconstitutional and violative of equal protection, due process, and theopen courts provisions of the Ohio Constitution."
 Because Cope did not first challenge the constitutionality of theintentional tort standard used by the trial court at the trial courtlevel, he may not argue the issue on appeal. Furthermore, when reviewingthe evidence in the light most favorable to Cope, no reasonable mindcould find Salem Tire knew with substantial certainty that Cope was goingto be injured when he was trying to mount the third tire onto the truck.
 In his first assignment of error, Cope argues the trial court erred ingranting summary judgment for Salem Tire because a genuine issue ofmaterial fact exists as to whether Salem Tire knew or should have knownwith substantial certainty that Cope could be injured by not wearingsafety glasses when mounting this tire. Salem Tire argues that althoughit may have acted negligently or recklessly, no reasonable mind couldhave found it acted intentionally.
 When reviewing a trial court's granting of summary judgment, anappellate court applies the same standard used by the trial court. Parentiv. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829,586 N.E.2d 1121, 1122. This court's review is, therefore, de novo. Doev. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245. UnderCiv.R. 56, summary judgment is only proper when the movant demonstratesthat, viewing the evidence most strongly in favor of nonmovant,reasonable minds must conclude no genuine issue as to any material factremains to be litigated and the moving party is entitled to judgment as amatter of law. Id. "In order to overcome an employer-defendant's motionfor summary judgment on an intentional tort claim, the plaintiff must setforth specific facts showing there is a genuine issue as to whether theemployer committed an intentional tort." Burgos v. Areway, Inc. (1996),114 Ohio App.3d 380, 383, 683 N.E.2d 345, 346-7 citing Fyffe v. Jeno's,Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.
In order to prove an employer has committed an intentional tort againstits employee, the employee must demonstrate the following:
 "(1) knowledge by the employer of the existence of a dangerousprocess, procedure, instrumentality or condition within its businessoperation; (2) knowledge by the employer that if the employee is subjectedby his employment to such dangerous process, procedure, instrumentalityor condition, then harm to the employee will be a substantial certainty;and (3) that the employer, under such circumstances, and with suchknowledge, did act to require the employee to continue to perform thedangerous task." Fyffe, supra at paragraph one of the syllabus.
 This form of intentional tort should not be confused with negligence.
 "To establish an intentional tort of an employer, proof beyond thatrequired to prove negligence and beyond that to prove recklessness mustbe established. Where the employer acts despite his knowledge of somerisk, his conduct may be negligence. As the probability increases thatparticular consequences may follow, then the employer's conduct may becharacterized as recklessness. As the probability that the consequenceswill follow further increases, and the employer knows that injuries toemployees are certain or substantially certain to result from theprocess, procedure or condition and he still proceeds, he is treated bythe law as if he had in fact desired to produce the result. However, themere knowledge and appreciation of a risk — something short ofsubstantial certainty — is not intent." Id. at paragraph two of the syllabus.
Under Fyffe, the fact that there is a "high risk" of harm or that "therisk is great" does not necessarily mean the act was intentional. In mostinstances those acts could be correctly viewed as reckless. Id. at 117,570 N.E.2d at 1111-2. The key is whether there is a substantial certaintyof harm. Id. In order to prove this, a plaintiff must show the level ofrisk-exposure was egregious. Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172, 539 N.E.2d 1114, 1117.
 After the Ohio Supreme Court decided Fyffe, the General Assemblyenacted R.C. Chapter 2705 in an effort to limit an employer's liabilityin intentional tort. The Ohio Supreme Court found this unconstitutionalin Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298,707 N.E.2d 1107. Therefore, the Fyffe analysis is the appropriateanalysis under Ohio law. See Liechty v. Yoder Mfg., Inc. (2000),141 Ohio App.3d 360, 751 N.E.2d 490.
 The evidence, when looked at in the light most favorable to Cope, couldshow both that Salem Tire knew of the existence of a dangerous process,procedure, instrumentality or condition within its business operation,i.e. the mounting of tires onto a truck, and that Salem Tire requiredCope to perform that dangerous task. The real issue on appeal is whethera reasonable mind, examining the evidence in the light most favorable toCope, could find Salem Tire was substantially certain that Cope was goingto be harmed by mounting that third tire.
 Cope argues two facts support his position that a reasonable mind couldhave found the tire shop knew with substantial certainty that he would beinjured: 1) according to the Goodyear Tire Rubber Company Retail StoresDivision Safety and Environmental Manual, 348 eye injuries in Goodyearretail outlets were reported in 1990 and 2) Moore knew the decorativealuminum rim could break if the tire ruptured from overinflation. Copeargues the question before this court is one of foreseeability andpreventability, and urges this court to adopt a negligence standard offoreseeability when determining whether Salem Tire was substantiallycertain of harm to Cope. However, Cope misstates and misapplies the law.Even if an injury is foreseeable, there is a difference betweenprobability and substantial certainty. Berge v. Columbus Community CableAccess (1999), 136 Ohio App.3d 281, 308, 736 N.E.2d 517, 536. As Fyffepoints out, "the mere knowledge and appreciation of a risk —something short of substantial certainty — is not intent." Id. atparagraph two of the syllabus.
 In the present case, it simply cannot be said that the level ofrisk-exposure to Cope when he mounted this tire was so egregious that itconstitutes an intentional wrong. Cope's training consisted of watchingmore experienced employees perform the task and by the time of theaccident he felt he knew how to properly mount a tire at that point as hehad done so more than a dozen times. Cope was never instructed he had towear safety goggles when mounting a tire, however safety goggles wereavailable. Salem Tire knew an overinflated tire could explode, and thatif this particular tire ruptured, then it could break the crackeddecorative aluminum portion of the rim. Finally, Salem Tire knew thatalthough no eye injuries had occurred in its shop, other people hadpreviously suffered eye injuries while working for other tire shops.
 These facts illustrate that although it may be fair to say Salem Tireknew with substantial certainty that Cope would be injured if this tiredid rupture, they are silent as to whether Salem Tire was substantiallycertain this tire would rupture. In other words, even though the factthat the rim may have been cracked could be described as a dangerouscondition, it does not appear, viewing the evidence in the light mostfavorable to Cope, Salem Tire knew with substantial certainty thatletting Cope mount a tire on that rim would injure Cope. Cope's firstassignment of error is meritless.
 In his second assignment of error, Cope argues the trial court'sjudgment was unconstitutional for a variety of reasons: 1) it violateshis constitutional right to open courts by denying him a legal remedy; 2)it violates equal protection because it distinguishes between intentionaltorts committed by employers from those committed by others; and, 3) itviolates due process because the trial court denied him a meaningfulright to a remedy. However, Cope failed to raise any constitutionalissues before the trial court. It is well settled that a partychallenging the constitutionality of the law must raise this argumentbefore the trial court. Abraham v. Natl. City Bank Corp. (1990),50 Ohio St.3d 175, 553 N.E.2d 619, fn. 1. If the party did not do this,a reviewing court need not consider the issue on appeal. VFW Post 1238Bellevue v. Ohio Liquor Control Comm. (1998), 131 Ohio App.3d 591,723 N.E.2d 161. Although Cope argues the trial court's decision is whatis unconstitutional, because the trial court merely applied Fyffe to thecase at hand, what he is really challenging is the constitutionality ofFyffe's definition of intentional tort. Because he did not raise this issue before the trial court, we are precluded from addressing this assignment of error.
For the foregoing reasons, Cope's assignments of error are meritless, and the trial court's decision is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs.