OPINION
{¶ 1} Appellant, Quinton N. Gaines, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellees, MQSW Acquisition Company and the Dyson Corporation.
 {¶ 2} Gaines began working for the Dyson Corporation at its Painesville, Ohio facility in July 2005. The Dyson Corporation manufactured various forged metal products. *Page 2 
 {¶ 3} Gaines was assigned to work on a roll-threading machine. Gaines worked position number two on this machine, and his job was to remove a metal rod from the machine and slide it into a PVC tube. In addition, he was required to put a nut on one end of the rod to make sure the rod was properly threaded.
 {¶ 4} On July 8, 2005, his third day of work, Gaines was injured. At one point, a rotating rod became entangled in Gaines' shirt. Gaines claims that the force of this entanglement ripped all of his clothing off him and threw him to the ground. Gaines sustained cuts and scrapes on his arms. He was transported to the hospital, where he was treated and released. However, as a result of the accident, he subsequently needed surgery on his wrist and shoulder.
 {¶ 5} In January 2007, Gaines filed a personal injury complaint in the Lake County Court of Common Pleas against appellees. The complaint alleged that appellees had committed an employer intentional tort. Appellees filed an answer to the complaint, wherein they denied the substantive allegations of the complaint. In addition, appellees asserted, as an affirmative defense, that Ohio's Workers' Compensation Act provided immunity from Gaines' claims.
 {¶ 6} Appellees filed a motion for summary judgment. Appellees attached several evidentiary documents to their motion, including an affidavit from Chris Katona, the maintenance supervisor at Dyson. In addition, Katona's and Gaines' depositions were filed with the trial court. Gaines filed a response in opposition to appellees' motion for summary judgment. The trial court granted appellees' motion for summary judgment.
 {¶ 7} Gaines raises the following assignment of error: *Page 3 
 {¶ 8} "The trial court erred to the prejudice of Plaintiff-Appellant in granting Defendant-Appellee's Motion for Summary Judgment."
 {¶ 9} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ. R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 10} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the *Page 4 
last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v. Wheeler (1988),38 Ohio St.3d 112.
 {¶ 11} "* * *
 {¶ 12} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' [Dresher v. Burt,75 Ohio St.3d at 276.]" Welch v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, at ¶ 40-42. (Emphasis in original.)
 {¶ 13} Generally, Ohio's Workers' Compensation Act "bars an employee from bringing suit against his or her employer for injuries suffered during the employment relationship." Haldeman v. Cross Ent., Inc., 5th Dist. No. 04-CAE-02011, 2004-Ohio-4997, at ¶ 18, citing R.C. 4123.74. This is because the Workers' Compensation Act "provide[s] employees with the primary means of compensation for injury suffered in the scope of employment." Hawk v. Menasha Packaging, 4th Dist. No. 07CA2966,2008-Ohio-483, at ¶ 7. (Citation omitted.) However, a narrow exception to the preclusions of the Workers' Compensation Act is an intentional tort claim. Id. at ¶ 9, citing Shreve v. United Elec. Constr.Co., 4th Dist. No. 01 CA2626, 2002-Ohio-3761, at ¶ 42.
 {¶ 14} R.C. 2745.01 is entitled "employer's liability for intentional tort" and provides, in pertinent part: *Page 5 
 {¶ 15} "(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
 {¶ 16} "(B) As used in this section, `substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
 {¶ 17} "(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result."
 {¶ 18} While Gaines has not raised the constitutionality of R.C. 2745.01, we note that the Seventh Appellate District has held that the current version of R.C. 2745.01 is unconstitutional. Kaminski v. Metal Wire Prods. Co., 175 Ohio App.3d 227, 2008-Ohio-1521, at ¶ 34. Until this court or the Supreme Court of Ohio finds R.C. 2745.01
unconstitutional, we will analyze this case under R.C. 2745.01, as well as, for Gaines' benefit, under the factors set forth by the Supreme Court of Ohio in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, which are less stringent than the factors in the current version of R.C. 2745.01. The Fyffe factors are:
 {¶ 19} "[I]n order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous *Page 6 
process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Id. at paragraph one of the syllabus. (Citations omitted.)
 {¶ 20} This court has held that summary judgment on an employer intentional tort claim may not be appropriate where there is evidence of the employer's failure to attach a primary protective device to a machine. Walton v. Springwood Products, Inc. (1995),105 Ohio App.3d 400, 405. In the case sub judice, Katona stated that the factory-provided guards were in place on the roll-threading machine at the time of Gaines' injury.
 {¶ 21} In his deposition, Gaines stated that "one guy" had told him that guards had been removed from the roll-threading machine. However, Gaines was not able to identify this individual. Moreover, as noted by the trial court, whatever this individual told Gaines was hearsay and is not admissible for the purposes of a summary judgment determination. SeeMolnar v. Klammer, 11th Dist. No. 2004-L-072 CA, 2005-Ohio-6905, at ¶ 65, citing DiPietro v. Lighthouse Ministries, 159 Ohio App.3d 766,2005-Ohio-639, at ¶ 21.
 {¶ 22} On appeal, Gaines argues that there "should have" been guards at the back portion of the machine where he was working. Exhibit three to Katona's deposition is the second page of the safety manual for the roll-threading machine. Katona identified this exhibit. This page contains a list of "general safety considerations," and the fifth general safety consideration states, "provide additional guards if needed to *Page 7 
prevent personal injury, depending in [sic] configuration of work place." Katona stated that the configuration of the work place would be determined by the size of the rod being machined. On July 8, 2005, 31-foot rods were being machined on the unit that Gaines was working on. According to Katona, 21 feet of the rod would protrude out of the machine during the final operation. Despite this amount of the rod protruding, Katona stated that, in his opinion, the machine that Gaines was working at did not need additional guards. Katona did not offer an exact size of a rod where additional guards would be needed.
 {¶ 23} We note that Gaines has failed to submit any evidence, expert or otherwise, to support his assertion that there should have been additional guards at the back portion of the roll-threading machine. Specifically, Gaines did not submit any evidence that additional guards were needed on the machine he was working on due to the "configuration of the work place."
 {¶ 24} We note that Katona stated in his deposition that, following Gaines' injury, he fabricated entry and exit guards for the roll-threading machine. However, the creation and installation of these guards clearly qualify as "subsequent remedial measures," evidence of which is not admissible to demonstrate culpable conduct. Hawk v. MenashaPackaging, 2008-Ohio-483, at ¶ 15, quoting Evid. R. 407. See, also,Haldeman v. Cross Ent., Inc., 2004-Ohio-4997, at ¶ 43.
 {¶ 25} Finally, in this matter, Katona stated that he was not aware of any other injuries that occurred to employees operating the roll-threading machine. While not determinative of the issue, courts have held that "the lack of prior accidents does tend to show the accident was unexpected and not substantially certain to occur."Burgos v. Areway, Inc. (1996), 114 Ohio App.3d 380, 384. (Citations omitted.) *Page 8 
 {¶ 26} Appellees presented evidence that suggests all factory-issued guards were on the roll-threading machine at the time of the accident. Further, they presented evidence that the work-place configuration of the machine in question was not such that the machine required additional guards. Gaines has not submitted any evidence to refute Katona's depositional testimony on this issue. Finally, there was evidence in the record that there were not any other similar injuries to employees working on the roll-threading machine. Thus, Gaines has not pointed to any admissible evidentiary material that shows his injury was substantially certain to occur.
 {¶ 27} There were no genuine issues of material fact for trial, and appellees were entitled to judgment as a matter of law. Accordingly, the trial court did not err by entering summary judgment in their favor.
 {¶ 28} Gaines' assignment of error is without merit.
 {¶ 29} The judgment of the trial court is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1