OPINION
{¶ 1} Plaintiffs-appellants, Dale and Linda Teal, appeal a decision of the Fayette County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Colonial Stair and Woodwork Company ("Colonial"), in an employer intentional tort action filed by appellants.
 {¶ 2} Dale Teal is an employee of Colonial, a company that makes woodwork for stairways, including risers, posts and railings. On May 9, 2000, Teal was asked to use a "shaper" machine that is used to shape designs on the outside edges of pieces of wood for stair caps. The machine is essentially a large, flat metal table with a spindle in the middle on which a variety of cutters can be placed.
 {¶ 3} Although he had used a different shaper machine in the factory on one occasion, Teal had not previously operated the shaper he was asked to use that day. John Self, Teal's supervisor, trained Teal to use the machine. Self instructed Teal to secure the block of wood to a form using industrial clamps, and then hold the clamps and slide the form across the collar of the machine. Self demonstrated how to run the shaper machine by running three boards through by himself while Teal observed. Self then watched and provided instruction while Teal ran three boards through the machine.
 {¶ 4} Teal worked on the machine for a few hours and made at least 30 caps, each requiring four cuts on the shaper machine. Teal's left hand was injured when the form kicked back and hit him in the stomach, somehow causing his hand to go into the cutter.
 {¶ 5} Teal and his wife, Linda, filed a complaint against Colonial for the injury and for loss of consortium on June 6, 2001. Colonial moved for summary judgment, alleging that the claim did not meet the requirements for an employer intentional tort claim. The court granted summary judgment to Colonial on March 1, 2004.
 {¶ 6} Appellants now appeal the trial court's decision, raising the following single assignment of error for our review:
 {¶ 7} "The trial court erred when it granted defendant the Colonial Stair and Woodwork Co., Inc.'s motion for summary judgment when plaintiffs produced evidence on each of the three intentional tort elements articulated in Fyffe v. Jeno's."
 {¶ 8} Appellants contend that the trial court erred in granting summary judgment to Colonial because evidence was presented on all three required elements in an employer intentional tort claim.
 {¶ 9} Generally, an employee's only recourse for a workplace injury is through the Worker's Compensation System. However, where the employer's conduct is sufficiently "egregious" to constitute an intentional tort, an employee may institute a tort action against the employer. See Sanek v. Duracote Corp.
(1989), 43 Ohio St.3d 169, 172.
 {¶ 10} Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 11} The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440.
 {¶ 12} "[I]n an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee." Fyffe v. Jeno's (1991), 59 Ohio St.3d 115, 119, quoting Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, paragraph seven of the syllabus.
 {¶ 13} In order to avoid summary judgment in an employer intentional tort action, the plaintiff must present evidence to establish all three of the elements required in an intentional tort claim against an employer. The Ohio Supreme Court has articulated these elements as: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Id., at paragraph one of the syllabus.
 {¶ 14} The trial court granted summary judgment on the basis that appellants were not able to establish the second requirement of the above test, which requires the employee to establish that the employer had knowledge that harm to the employee was substantially certain to occur.
 {¶ 15} Appellants argue that the trial court ignored the testimony of their expert witness, Gary Robinson, when it granted summary judgment. In an affidavit, Robinson stated that he is an expert in the area of analysis and reconstruction of machine guarding accidents. After reviewing the facts, Robinson stated that it was his opinion that Colonial "knew of a dangerous process, procedure, instrumentality or condition within its business operation" and that Colonial "knew that if [an] employee was subjected to such dangerous process procedure, instrumentality or condition, then harm to the employee would be a substantial certainty."
 {¶ 16} Appellants argue that the trial court disregarded Robinson's testimony in granting summary judgment because the testimony establishes a genuine issue of material fact on the first two elements of their employer intentional tort case.
 {¶ 17} Expert testimony can be used to establish the necessary elements in an employer intentional tort case. See, e.g., Brewster v. Prestige Packaging, Butler App. No. CA2000-05-085, 2001-Ohio-4201. However, simply because an expert concludes that an accident is substantially certain to occur does not necessarily establish that element as a legal conclusion. The expert's opinion must create a genuine issue of material fact from a legal standpoint. See Burgos v. Areway, Inc. (1996),114 Ohio App.3d 380, 384. In this case, Robinson's conclusions were based on his findings that Colonial knew the following: if a body part came in contact with the shaper, the worker would be injured; there was no safety device on the machine; there was a kickback hazard; safety guards were available, but Colonial failed to install them; the guards would add increased protection; Teal had not operated the shaper machine prior to the day of his injury; Colonial failed to provide adequate training.
 {¶ 18} The evidence in this case established that the shaper had been used at Colonial for over 50 years with no accidents.
There were no previous incidents of injuries due to kickback or any other reason. There were no complaints by employees to Colonial that the machine was unreasonably dangerous or that guards should be installed. Teal himself used the machine with no problems for hours before the injury occurred. Teal also testified that he was unsure exactly how the injury occurred. He stated that he did not know what caused the form to kick back, or how his hand went into the machine.
 {¶ 19} The Ohio Supreme Court defined the "substantially certain" requirement in Fyffe at paragraph two of the syllabus:
 {¶ 20} "[P]roof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent."
 {¶ 21} Despite appellants' expert opinion to the contrary, the facts of this case do not rise to the level of substantial certainty that an accident would occur. There is simply no evidence that Colonial knew an injury was substantially certain to occur. While lack of prior accidents alone does not equate to a finding that an accident was not substantially certain to occur, it is a fact that heavily weighs in favor of such a finding. Foust v. Magnum Restaurants, Inc. (1994),97 Ohio App.3d 451, 455.
 {¶ 22} Appellants also argue that Teal was not properly trained and that safety guards were available for the shaper machine. However, the failure to provide available safety devices may constitute negligence or recklessness, but does not constitute substantial certainty. Liechty v. Yoder Mfg., Inc.,
(2000), 141 Ohio App.3d 360, 364. Although appellants argue that the failure to train constitutes the removal of a safety guard,[1] this argument is tenuous at best, both legally and factually. Teal was trained on how to use the machine and successfully used it for hours before the injury. He is also uncertain exactly what caused the injury, and cannot say that a specific lack of training caused the injury. Moreover, even if we were to assume that the training was inadequate, it would constitute negligence or recklessness at best, and would not rise to the level of substantial certainty.
 {¶ 23} Considering all of the facts together, the accident in this case was not substantially certain to occur. Although the machine itself was inherently dangerous, there is nothing to suggest that Colonial knew that an injury was substantially certain to occur. Appellants' assignment of error is overruled.
 {¶ 24} Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] Appellants cite Moebius v. General Motors, Montgomery App. No. 19147, 2002-Ohio-3918, for this proposition. However, the facts and legal principles involved in that case do not support appellants' argument.