OPINION
{¶ 1} Plaintiff-appellant, Thomas Williams, appeals the decision of the Warren County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Advanced Engineering Solutions, Inc., Do Haws LLC, Dak Lac Do, and Jim Haws. We affirm the common pleas court's decision.
 {¶ 2} In January 2001, appellant, an employee of Advanced Engineering, tripped and fell while in the course of his employment at Advanced Engineering. Advanced Engineering manufactures compression molds used to form floorboard carpeting for automobiles. Appellant worked as a truck driver and toolmaker.
 {¶ 3} When making tools, appellant worked in the lamination room, where he made fiberglass laminations of certain tools. The lamination room, a 15- by 15-foot in area, contained tables where employees cut fiberglass cloth and mixed chemicals for the lamination process. Two to six employees worked in the lamination room at the same time.
 {¶ 4} Advanced Engineering had covered the concrete floor of the lamination room with four-foot by eight-foot sheets of masonite, a wood composite board. Over time, some of the masonite sheets began to "curl" at the edges, rising approximately one-quarter of an inch. Appellant apparently tripped over one of the "curled" sheets and fell while carrying a garbage can out of the room.
 {¶ 5} Appellant filed an intentional tort claim in the common pleas court against Advanced Engineering and two of his supervisors, Dak Lak Do and Jim Haws. Appellant also filed a negligence claim against Do Haws, LLC, which owned the building where Advanced Engineering operated its business, and against Dak Lak Do. In his complaint, appellant alleged that he tripped on a masonite sheet and fell, sustaining injuries to his neck, shoulder, knee, and hand.
 {¶ 6} Appellees filed a motion for summary judgment, which the common pleas court granted, dismissing all of appellant's claims. Appellant now appeals, assigning three errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred to the prejudice of the Plaintiff-Appellant when it granted advanced engineering Solution, inc.'s motion for summary judgment."
 {¶ 9} In this assignment of error, appellant argues that there is a genuine issue of fact as to whether Advanced Engineering committed an intentional tort. Appellant argues that there is a genuine issue of fact as to all three of the requirements set forth in Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115.
 {¶ 10} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in its favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from the granting of a summary judgment motion is de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 11} Generally, an employee's only recourse for a workplace injury is through the Workers' Compensation System. However, where the employer's conduct is sufficiently "egregious" to constitute an intentional tort, an employee may institute a tort action against the employer. See Sanek v. Duracote Corp.
(1989), 43 Ohio St.3d 169, 172.
 {¶ 12} The Ohio Supreme Court has articulated the three elements of an employer intentional tort claim as follows: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected to such dangerous process, procedure, instrumentality, or condition, harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Fyffe,
59 Ohio St.3d at paragraph one of the syllabus.
 {¶ 13} An employer intentional tort claim requires proof beyond that required to establish negligence or recklessness. Id. at paragraph two of the syllabus. Mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. See Sanek, 43 Ohio St.3d at 172.
 {¶ 14} We agree with the common pleas court that there is sufficient evidence in the record to create a genuine issue of fact as to the first requirement of Fyffe — whether Advanced Engineering knew of a dangerous condition at its workplace. In their deposition testimony, Advanced Engineering employees Paul Gregory and Ken Reynolds stated that they recalled appellant complaining at monthly employee meetings about the potential danger of the curling masonite sheets. Reynolds stated that Advanced Engineering supervisors Jim Haws and Scott Paulson were present at those meetings. Gregory stated that Haws was at the meetings, but that he could not recall whether Paulson was at the meetings. Reynolds' and Gregory's deposition testimony support appellant's deposition testimony that he had raised the masonite issue several times at monthly meetings attended by Haws, Paulson, and Dak Lak Do. Further, Reynolds stated that Haws saw Reynolds himself trip on a masonite sheet, and that Reynolds subsequently complained to Haws personally. Based on the above deposition testimony, there is a genuine issue of fact as to whether Advanced Engineering knew of a dangerous condition at its workplace.
 {¶ 15} In examining the second requirement of Fyffe, we initially note that there is little evidence in the record of a trip and fall prior to appellant's accident, and no evidence in the record that Advanced Engineering was aware of a trip and fall prior to appellant's accident. While the lack of a prior accident alone does not equate to a finding that an accident was not substantially certain to occur, it is a fact weighing heavily in favor of such a finding. Foust v. Magnum Restaurants, Inc.
(1994), 97 Ohio App.3d 451, 455. Reynolds stated in his deposition that he had tripped on the masonite, but had never fallen. None of the other six employees whose depositions were taken, other than appellant, stated that they were aware of anyone tripping and falling prior to appellant's accident. None of the three supervisors whose depositions were taken stated that they were aware of a prior trip and fall. Appellant stated that another employee, Donald Huynh, had tripped and fallen, but did not appear hurt. Appellant did not know whether Huynh reported the incident to his supervisors.
 {¶ 16} After reviewing the entire record and taking into account the absence of evidence that Advanced Engineering was aware of a prior trip and fall, we do not find a genuine issue of fact with regard to the second Fyffe requirement. We find as a matter of law that Advanced Engineering did not have knowledge that harm to one of its employees resulting from the curling masonite was a "substantial certainty." Construing the evidence most strongly in appellant's favor, the record shows that, prior to appellant's accident, two employees complained to management about tripping over curling masonite sheets in the lamination room, and that management was not aware of any prior falls or injuries. While there may be a fact question as to whether Advanced Engineering was negligent in not fixing or replacing the masonite flooring, we do not find a fact question as to whether Advanced Engineering's conduct was "egregious" and constituted an intentional tort.
 {¶ 17} Because appellant cannot meet the second requirement of Fyffe, appellant's intentional tort claim fails. Therefore, we overrule appellant's first assignment of error. The common pleas court did not err in granting Advanced Engineering's summary judgment motion.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The trial court erred to the prejudice of the Plaintiff-Appellant when it granted do and haws, LLC's motion for summary judgment."
 {¶ 20} In this assignment of error, appellant argues that there is a genuine issue of fact as to whether Do Haws, which owned the building used by Advanced Engineering for the operation of its business and leased the building to Advanced Engineering, should be liable for negligence. According to appellant, Do 
Haws was negligent in failing to eliminate a known safety hazard.
 {¶ 21} Under Ohio law, a commercial lessor having neither possession nor control of the premises leased is generally not liable for damages resulting from the condition of the premises.Hendrix v. Eighth and Walnut Corp. (1982), 1 Ohio St.3d 205,207. "The lessor who does not retain the right to admit or exclude others from the premises has generally not reserved the degree of possession or control necessary to impose liability for the condition of the premises." Id., citing Pitts v. HousingAuthority (1953), 160 Ohio St. 129. The fact that the lessor has reserved the right to enter the premises upon reasonable notice for a few specified purposes, such as to inspect the premises, does not justify a finding that the lessor retained control of the premises. Hendrix at 207, citing Cooper v. Roose (1949),151 Ohio St. 316.
 {¶ 22} After reviewing the record, including the lease between Do Haws and Advanced Engineering, we find that Do 
Haws had neither possession nor control of the premises it leased to Advanced Engineering. Under the lease, Do Haws did not retain any right to admit or exclude others from the premises. The lease did allow Do Haws to enter the premises at reasonable times for the purpose of inspecting the premises, showing the premises to prospective purchasers, and making necessary or desirable repairs. However, those findings do not justify a finding that Do Haws retained control of the premises. SeeHendrix, 1 Ohio St.3d at 207.
 {¶ 23} Even if a commercial lessor has neither control nor possession of the leased premises, the lessor may nonetheless be held liable if "special circumstances" impose a particular duty on the lessor. Id. at 208. The Ohio Supreme Court has stated that a duty imposed by statute could constitute such special circumstances. See Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, 23 (special circumstances where "out-of-possession" residential lessor failed to fulfill statutory duty to repair under R.C. 5321.04).
 {¶ 24} Appellant argues that certain provisions of the lease created "special circumstances" and imposed a duty on Do Haws to remove or repair the curling masonite floor. In Article 11 of the lease, Do Haws reserved (1) the right to approve or disapprove of any alterations sought to be made by Advanced Engineering, and (2) the right to demand the removal of any alterations done by Advanced Engineering. Appellant argues that those provisions effectively left Do Haws "in control" of the premises, and imposed a duty on Do Haws to remove known hazards that subsequently developed with regard to alterations.
 {¶ 25} We disagree with appellant's argument. The lease may have imposed on Do Haws the duty to not be negligent when deciding to approve or disapprove alterations. However, the lease did not impose on Do Haws a duty to maintain the premises or to remove hazards that subsequently developed with regard to alterations.
 {¶ 26} The lease imposed that duty on Advanced Engineering. Article 10 of the lease states that Advanced Engineering has the duty to "maintain in good order, condition, and repair" the interior of the premises, specifically including the floors. Appellant has not come forward with specific facts supporting the conclusion that Do Haws was negligent in its initial decision to cover the floor with masonite. Rather, appellant's basic argument is that Do Haws was negligent in not properly maintaining the alteration by removing or repairing the masonite once it began to curl. Because the lease did not impose a duty upon Do Haws to remove or repair the masonite floor once it began to curl, we do not find any "special circumstances."
 {¶ 27} Because Do Haws was a lessor out-of-possession and no special circumstances existed, Do Haws could not be liable for damages resulting from the condition of the premises. Accordingly, the common pleas court did not err in granting summary judgment in favor of Do Haws. We overrule appellant's second assignment of error.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "The trial court erred to the prejudice of the Plaintiff-Appellant when it granted the individuals, messers. do's and haws' motion for Summary Judgment."
 {¶ 30} In this assignment of error, appellant argues that there is a genuine issue of fact as to whether Dak Lak Do and Jim Haws, as agents of Advanced Engineering, committed an intentional tort. Further, appellant argues that there is a genuine issue of fact as to whether Dak Lak Do, as an agent of Do Haws, was negligent in failing to remove a known hazard.
 {¶ 31} We overrule appellant's third assignment of error. For the reasons stated in our discussion of appellant's first assignment of error, we do not find a genuine issue of fact as to whether Dak Lak Do and Jim Haws, as agents of Advanced Engineering, committed an intentional tort. While Do and Haws may have been aware of the curling masonite, it cannot be said that they knew to a substantial certainty that injury would occur to Advanced Engineering's employees.
 {¶ 32} Further, for the reasons stated in our discussion of appellant's second assignment of error, we do not find a genuine issue of fact as to whether Dak Lak Do, as an agent of Do Haws, was negligent by failing to remove or repair the masonite. Do, as an agent of the lessor Do Haws, did not have a duty to maintain the premises, or to remove hazards that subsequently developed with regard to alterations.
 {¶ 33} Accordingly, having overruled appellant's three assignments of error, we affirm the judgment of the common pleas court.
Walsh and Young, JJ., concur.