OPINION
{¶ 1} Plaintiffs-appellants, Cheryl Davis and Robert Davis, appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellant, AK Steel, in an employer intentional tort action.[1] We affirm the trial court's decision.
 {¶ 2} Appellant, Cheryl Davis, who was employed by appellee, severely injured her hand when she attempted to clean an 18-inch temper mill at appellee's Coshocton, Ohio facility. The mill contains two work rolls which create an ingoing nip point when operating in the "run" mode. The nip point is approximately 46 inches inside the mill. The nip point can be eliminated by putting the mill into a "polish" or "cleaning" mode, which reverses the rotation of the work rolls so that they push away, rather than draw in, anything coming into contact with them. Appellee's safety procedures required that the rolls be put into the polish mode before cleaning, and that a squeegee-like device be used to clean the rolls. Davis was injured when she attempted to clean the rolls with a rag while they were operating in the run mode.
 {¶ 3} Appellants brought an intentional tort action against appellee, alleging that appellee failed to protect Cheryl Davis with safety guards at the mill's nip point and failed to employ proper safety procedures. Appellee moved for summary judgment, arguing that appellants claim failed to meet the three-pronged test set forth in Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, that must be satisfied to establish an employer intentional tort. The trial court granted the motion, concluding that appellant's claim failed as a matter of law on all three prongs of the Fyffe test. Appellants appeal, raising the following assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE, AK STEEL CORPORATION, ON THE COMPLAINT OF PLAINTIFF-APPELLANT, CHERYL DAVIS, ET AL."
 {¶ 5} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in its favor. See, also, Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court reviews a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 6} Generally, an employee's only recourse for a workplace injury is through the Workers' Compensation System. SeeBlankenship v. Cincinnati Milacron Chemicals (1982),69 Ohio St.2d 608, 614; Williams v. Advanced Engineering Solutions,Inc., Warren App. No. CA2004-06-078, 2005-Ohio-3910, ¶ 11. However, an employee may institute a tort action against her employer when the employer's conduct constitutes an intentional tort. Id. In this context, an intentional tort has been defined as "an act committed with the intent to injure another, or committed with the belief that such injury was substantially certain to occur." Hannah v. Dayton Power Light,82 Ohio St.3d 482, 484, 1998-Ohio-408, quoting Jones v. VIP Dev. Co.
(1984), 15 Ohio St.3d 90, paragraph one of the syllabus.
 {¶ 7} To establish intent for the purpose of proving an employer's intentional tort, the employee must show the following:
 {¶ 8} "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus.
 {¶ 9} The proof required to demonstrate an intentional tort is beyond that which is required to prove negligence or recklessness. Hannah, 82 Ohio St.3d at 484, citing Van Fossenv. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph six of the syllabus. As with most tort cases addressing the issue of intent, each case must be decided considering the totality of the circumstances. See Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172, citing Kunkler v. Goodyear Tire Rubber Co.
(1988), 36 Ohio St.3d 135.
 {¶ 10} The trial court found that summary judgment was appropriate, in part, because appellant had failed to show that appellee had knowledge that an accident such as the one she suffered was substantially certain to occur, and therefore had not satisfied the second prong of the Fyffe test. We agree and because we find the issue dispositive, address it first.
 {¶ 11} While arguably aware of the danger posed by the nip point, appellee had adopted safety regulations which addressed the danger posed by the nip point, and trained appellant about the danger posed by moving rolls. Appellee's safety regulations specifically required that the rolls be cleaned while set in the polish mode, which eliminated the nip point, and required that the rolls be cleaned with a tool, not by hand. Appellee had issued a "red alert" warning employees of the danger posed by moving rolls. "An employer cannot be held to know that a dangerous condition exists and that harm is substantially certain to occur when he has taken measures that would have prevented the injury altogether had they been followed. * * * [W]hen safety devices or rules are available but are ignored by employees, the requisite knowledge of the employer is not established."Robinson v. Icarus Industrial Constructing Painting Co.,145 Ohio App.3d 256, 262, 2001-Ohio-2207.
 {¶ 12} Appellant argues that an expert report supports her position that her injury was substantially certain to occur. The report concludes that the failure to install a guard at the nip point made injury to someone "at sometime" inevitable. An expert's opinion, however, "does not establish that element as a legal conclusion." Teal v. Colonial Stair and Woodwork Co.,
Fayette App. No. CA2004-03-009, 2004-Ohio-6246, ¶ 17; see, also,Sanek. Rather, the opinion "must create a genuine issue of material fact from a legal standpoint." Id. Despite the expert's opinion to the contrary, the facts of this case do not demonstrate a substantial certainty that the accident would occur. Even if we accept that a guard should have been in place, "the failure to provide available safety devices may constitute negligence or recklessness, but does not constitute substantial certainty." Id. at ¶ 22. Likewise, even if appellant's training was inadequate, "it would constitute negligence or recklessness at best, and would not rise to the level of substantial certainty." Id.
 {¶ 13} "It must be emphasized that `[t]here are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an `intentional tort' and therefore an exception * * * to the exclusivity of the Act.'"Sanek at 172-173, quoting Van Fossen v. Babcock Wilcox Co.
(1988), 36 Ohio St.3d 100, 117.
 {¶ 14} Weighing the evidence in favor of appellant, we find that reasonable minds could not conclude that appellee knew that the harm that befell appellant was substantially certain to occur. Therefore, appellant has not met the requirements of the second prong of Fyffe, necessary to demonstrate intent in an employer intentional tort case. Having failed in this regard, appellant's claim fails as a matter of law and we need not consider the evidence related to the remaining prongs of theFyffe test. See Teal, Sanek, Brewster v. Prestige Packaging,Inc., Butler App. No. CA2000-05-085, 2001-Ohio-4201. Our independent review of the record confirms that the trial court's decision to grant appellee's motion for summary judgment was appropriate. The assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Appellants voluntarily dismissed their claim against defendant Waterbury Farrell Foundry and Machine Co.